## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement" or "Settlement Agreement") is made by and among Plaintiff Scott Barr, DDS ("Plaintiff"), on behalf of himself and the class of persons he seeks to represent, and Defendant International Dental Supply Co. ("Defendant" or "IDS"), with reference to the following facts.  Plaintiff and Defendant are sometimes collectively referred to herein as the "Parties."

## RECITALS

A.     On September 11, 2013, Plaintiff Barr initiated a civil action entitled *Barr v. International Dental Supply Co.*, bearing Civil Case Number 0:13-cv-61981-RNS, in the United States District Court for the Southern District of Florida (the "Court") by filing a complaint seeking statutory damages and injunctive relief against IDS for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (the "Complaint" or "Action").  In the Complaint, Plaintiff Barr alleged that IDS transmitted advertisements by facsimile to Plaintiff and other similarly situated persons to promote IDS' sales of its property, goods or services. Plaintiff further alleged that IDS did not obtain Plaintiff's prior express invitation or permission to send this fax advertisement and that the subject fax did not contain certain disclosures that are required by the federal regulations that implement the TCPA. Defendant denied and continues to deny these allegations.

B.     On October 4, 2013, Defendant IDS made a written offer of settlement and judgment to Plaintiff pursuant to Rule 68. Barr rejected the settlement offer.

C.     On November 7, 2013, IDS moved to dismiss the action for lack of subject matter jurisdiction based on its unaccepted Rule 68 offer and alternatively sought to stay the action pending resolution of an Eleventh Circuit appeal and Federal Communications Commission

("FCC") petition. DE 11.

      D.      Plaintiff opposed Defendant's motion to dismiss. DE 15.

      E.      On March 28, 2014, the Court dismissed the case for lack of subject matter jurisdiction, holding that Plaintiff's claims were moot because of the Rule 68 offer of settlement and judgment. DE 24.

      F.      Plaintiff appealed the dismissal to the U.S. Court of Appeals for the Eleventh Circuit Court. DE 26. The Parties fully briefed the appeal.

      G.      On January 7, 2015, the U.S. Court of Appeals for the Eleventh Circuit Court entered an order and judgment reversing the District Court's dismissal of the action.

      H.      Thereafter, the parties engaged in discovery in this litigated matter.

      I.      On October 8, 2015, the Parties attended mediation with the Honorable David Krathen (Ret.) of Upchurch Watson White & Max.  At mediation, the parties reached an agreement to settle the instant Action on a class-wide basis.

      J.      Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiff and Class Counsel requested, and IDS has produced, data and documents regarding the claims asserted by Plaintiff and the putative class.  Class Counsel also has engaged in numerous discussions with IDS' counsel regarding those claims.

      K.      IDS denies all material allegations and claims asserted in the Action and the Complaint, and it denies all allegations of wrongdoing and liability.  IDS further contends that the Action is not amenable to class certification and that Plaintiff and the class that he seeks to represent are not entitled to any form of damages or relief.  In addition, IDS maintains that it has meritorious defenses to all claims alleged in the Action and it is prepared to defend the Action.

Only because of the risks, uncertainties, burden and expense of continued litigation, and not as an admission of any guilt, does IDS desire to settle the Action on the terms set forth herein.

L.      Plaintiff and his counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Plaintiff and his counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.  Plaintiff and his counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

M.      This Agreement is the result of extensive mediation, meetings and negotiations. For months, Plaintiff and IDS have engaged in good faith and arm's length negotiations concerning the possible settlement of the Action.

**NOW, THEREFORE,** in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties hereby agree as follows:

**1.  Settlement Class**

1.1      Proposed Class Definition.  For settlement purposes, only, the Parties have agreed to define the "Class" as follows:  All persons in the United States from September 11, 2009 to September 11, 2013 to whom Defendant sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services like the document attached as Exhibit A to the complaint. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and

employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

1.2   <u>Estimated Class Size</u>.  IDS' records reflect that it sent the subject facsimile advertisements to approximately 881 numbers during relevant class period, from September 11, 2009 to September 11, 2013.

## 2. Preliminary Approval of Proposed Class Action Settlement

2.1    The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Plaintiff and the members of the Class as set forth in this Settlement Agreement.  The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections by any regulatory authority.  Class Counsel reserves the right to appeal any award of attorney's fees and costs that is less than the amount the Parties agreed to in Section 5 below.

2.2    Upon full execution of this Settlement Agreement, Plaintiff will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement.  The Motion for Preliminary Approval will seek an order that:  (a) preliminarily approves the settlement of the Action; (b) certifies the Class for settlement purposes; (c) approves and appoints Plaintiff Barr as representative of the Class; (d) approves and appoints Plaintiff's counsel to represent the Class for all purposes ("Class Counsel"); (e) approves the forms providing notice of this settlement to the Class, as provided in Section 8 of this Settlement Agreement (the "Notice Forms"); (f) approves the methods for providing notice of this settlement to the Class, as provided in Section 8 of this Settlement Agreement (the "Notice Plan"); (g) approves the form by which Class

4

Members can submit a claim (the "Claim Form") and the claims process, as provided in  Section 9 of this Settlement Agreement; (h) sets the deadlines for providing notice to the Class and for Class Members to submit requests for exclusion/opt-out, entry of an appearance, or objections to the proposed settlement, as provided in Sections 10, 11 of this Settlement Agreement.   The Parties will thereafter seek final approval of the settlement and entry of a "Final Judgment" (as defined in Section 12 below).

### 3.   The Settlement Fund

As settlement in full of this Action, IDS has agreed to make available $450,000 to fund this settlement (the "Settlement Fund"). As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any *cy pres* distribution, any reasonable attorneys' fees and costs approved and awarded by the Court to Plaintiff's Counsel, any incentive award approved and awarded by the Court to Plaintiff Barr, and the costs of notice and settlement administration, as set forth in Sections 4, 5, 6, 7 below.  IDS shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amounts outlined in this Paragraph in connection with this Settlement Agreement.  No interest shall accrue on the Settlement Fund.  Any part of the Settlement Fund which is not used to provide relief for the Class, attorneys' fees and costs, incentive awards, *cy pres* distribution, and costs of notice and settlement administration shall remain with Defendant IDS.

### 4.   Class Recovery

Class Members who submit a Valid Claim Form, as set forth in Section 9 below, will receive from the Settlement Fund in the form of a check, the lesser of (1) $500 or (2) their *pro rata* share of the Settlement Fund, after subtracting the total of any attorneys' fees and costs awarded by the Court, any incentive award to Plaintiff Barr awarded by the Court, and any costs

of notice and settlement administration. There shall be permitted only one claim per facsimile number for each Class Member regardless of the number of facsimile advertisements received.   If the total payments to Class Members who submit a Valid Claim Form totals less than $135,000, then the difference between $135,000 and such payments ("Minimum Cash Recovery") will be paid to *cy pres* designee(s) selected by the Parties and approved by the Court, pursuant to Section 13.4.

**5.   Attorneys' Fees and Costs for Class Counsel**

Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel from the Settlement Fund. IDS shall not object to such a motion so long as the total attorneys' fees and costs requested by Class Counsel do not exceed $112,500.  This Settlement Agreement is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel.  No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel.

**6.   Incentive Awards for Named Plaintiff**

Plaintiff Barr seeks an incentive award of no more than $2,000 for his service in representing the Class, subject to the Court's approval.  Any incentive award approved by the Court shall be paid from the Settlement Fund.  Court approval of any incentive award will not be a condition of the Settlement.  IDS shall not object to an incentive award that does not exceed $2,000 for Plaintiff Barr.

**7.   Settlement Administration**

7.1   <u>Settlement Administrator</u>.  The settlement administration services for this Action shall be provided by Heffler Claims Group (the "Settlement Administrator"), which is located at 1515 Market Street, Suite 1700, Philadelphia, PA 19102.   The Settlement

Administrator's telephone number is 844-777-8055.  Subject to the oversight of Class Counsel, IDS' counsel and the Court, the Settlement Administrator shall be responsible for, among other things:  (a) providing notice of the Settlement to Class Members as set forth in Section 8; (b) creating and maintaining the Settlement Website as set forth in Section 8.4; (c) maintaining a toll-free telephone number as set forth in Section 8.5; (d) acting as a liaison between Class Members and the Parties regarding the settlement; (e) receiving and validating Claim Forms; (f) receiving and promptly forwarding any Requests for Exclusion or Objections received from Class Members to Class Counsel and IDS' counsel as set forth in Section 8.2.5; (g) issuing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 13.3 below; (h) paying the Attorneys Fees Award and Incentive Award approved by the Court as set forth in Sections 13.1, 13.2, including any relevant tax reporting; (i) maintaining records of its activities under the Settlement Agreement as required by applicable law in accordance with its normal business practices and making such records available to Class Counsel and IDS' Counsel upon request; and, (j) providing reports and other information to the Parties and the Court as the Parties and the Court may require.

       7.2   <u>Settlement Administration Expenses</u>.  The costs and expenses incurred by the Settlement Administrator to provide notice (pursuant to Section 8 below) shall be paid out of the Settlement Fund.  Within ten (10) days after the entry of the Preliminary Approval Order, IDS will advance monies from the Settlement Fund to pay the projected costs of the Settlement Administrator to provide Notice to the Class.  IDS will be given credit for all such advance payments, which shall be deducted from the Settlement Fund.  Because the costs of notice and settlement administration could affect the amount paid to each Class Member out of the Settlement Fund, the costs of notice and settlement administration shall be overseen by Class

Counsel.  IDS' counsel may also oversee the notice and settlement administration process as they deem necessary.  The Parties will use good faith efforts to minimize the costs of notice and settlement administration.

### 8.  Notice of Settlement

8.1    "Notice" means the notice of this proposed Settlement Agreement and the hearing for Final Approval, which is to be sent to the Class substantially in the form and manner set forth in Sections 8.2.2 and 8.3 and 8.4 below.  The Parties agree that the Notice provided under this Settlement is consistent with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and approved by the Court.  Other than such Notice, the Parties shall not initiate any other direct communication to a Class Member which has not been previously approved by the Court and/or will not seek free media attention or issue press releases or social media statements pertaining to the Settlement except as provided in Section 18. Nothing in this provision shall prevent or impair Class Counsel's duties to the Class, including responding to questions and inquiries initiated by Class members.

8.2    <u>Mail Notice</u>.

8.2.1   The Settlement Administrator shall conduct a "reverse look-up," using the facsimile telephone numbers provided by IDS, to identify the names and addresses of potential Class members.  Multiple sources for "reverse look-ups" will be used to identify as many Class members as possible.  Class members for whom the Settlement Administrator is able to obtain a complete mailing address will be provided Mail Notice.

8.2.2   The Mail Notice to the Class will consist of a letter that contains a summary description of the Settlement Agreement, identifies the Settlement Administrator, and directs recipients to the Settlement Website from which additional information about the

Settlement can be obtained. The Mail Notice will be substantially in the form of Exhibit "A" attached hereto.

       8.2.3   Any Mail Notice returned to the Settlement Administrator with a new forwarding address will be re-mailed to the Class Member at the new forwarding address. When feasible, skip tracing shall be performed for any returned Mail Notice.  All costs of skip tracing will be deducted from the Settlement Fund. Under no circumstance will the Settlement Administrator be obligated to re-mail Notice to any Class Member whose mailing was returned without forwarding address.

       8.2.4   The Settlement Administrator will mail the Class Members the Mail Notice as soon as reasonably practicable, but no later than thirty (30) days after the date the Court grants the Motion for Preliminary Approval (the "Notice Deadline").  The Settlement Administrator will make available a declaration for filing with the Court, as part of the final approval papers, stating that these procedures were followed.

       8.2.5   The Settlement Administrator will provide at the end of the Claims Period, a report regarding Claim Forms received, identifying those claims that are validated and those that are not validated to Class Counsel and IDS' counsel. The Settlement Administrator will promptly forward any Requests for Exclusion or Objections received from Class Members to Class Counsel and IDS' counsel.

       8.3.   <u>Publication Notice</u>.  Within thirty (30) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall provide Publication Notice in the form attached hereto as Exhibit "C", in publication(s) to be agreed upon by the Parties.  The costs of Publication Notice will be paid from the Settlement Fund.

8.4     <u>Settlement Website and Website Notice</u>.   Within thirty (30) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall establish and oversee a settlement website at **www.IDSTCPASettlement.com** available to Class Members (the "Settlement Website").   The Settlement Website will include hyperlinks to the Claim Form, the Complaint, the Settlement Agreement, the Motion for Preliminary Approval and the Preliminary Approval Order.  The Settlement Website shall also include the deadlines for filing claims, requests for exclusion from the Settlement, objections and final approval and other information pertaining to the settlement and how to submit claims, and Frequently Asked Questions ("FAQ's"). The Settlement Website will be accessible for a period of not fewer than 100 days after entry of Preliminary Approval Order. The Settlement Website shall not include any advertising, and shall not bear or include IDS' logo or trademarks.   All costs of the Settlement Website will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

8.5     <u>Settlement Toll-Free Number</u>.   The Settlement Administrator shall designate a toll-free number for receiving calls related to the Settlement.  The Notice Forms and Settlement Website shall include the toll-free number.   All costs of the Settlement Toll-Free Number will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

8.6.    <u>CAFA Notice</u>.  Not later than 10 days after this Agreement is filed with the Court, Defendant's counsel will cause notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States as well as the attorney general of Florida.

9. **Claims Process**

9.1     <u>Potential Claimants</u>.  Each Class Member who does not timely and validly request exclusion from the settlement as required in this Settlement Agreement shall be a Class Member bound by this Settlement Agreement and Final Judgment.

9.2     <u>Claim Form</u>.  A Claim Form, substantially in the form attached hereto as Exhibit "B" as approved by the Court, may be submitted by Class Members via mail. Each Class Member shall be entitled to make only one claim per fax number regardless of the number of faxes received.

9.3     <u>Valid Claims</u>.  A Claim Form submitted by a Class Member is valid if it contains:  (a) the Class Member's full name and address; (b) a sworn statement that the Class Member received a fax on his or her fax number during the Class Period; (c) identifies the facsimile telephone number to which IDS allegedly sent the subject fax advertisement; (d) is postmarked by the last date of the 60-day "Claim Period," as specified in the Claim Form and on the Mailed Notice, which will be ninety-five (95) days following the entry of the Preliminary Approval Order; (e) is correct and truthful; and (f) is not successfully challenged ("Valid Claim Form").

9.4     <u>Claims Deadline</u>.  All Valid Claims must be submitted at the conclusion of the 60-day "Claim Period," as specified in the Claim Form and on the Notice Forms and Website Notice, which will be ninety-five (95) days following the entry of the Preliminary Approval Order.

9.5     <u>Fraudulent Claims</u>.  The Settlement Administrator will employ reasonable procedures to screen Claim Forms for abuse or fraud, and is authorized to reject a Claim Form where the fax number provided on a Claim Form does not appear on the list of Class Members or

where a Claim Form does not contain all requested information necessary to validate a Claim Form.  The Parties reserve the right, but not the obligation, to challenge Claim Forms by submitting any objections to the Settlement Administrator, with notice to the Class Member making the claim.  The Settlement Administrator shall have full and final authority to determine the validity of all claims based on the criteria set forth in the definition of "Valid Claim Form" in this Settlement Agreement.

      9.6    <u>Deficient Claims</u>.  The Settlement Administrator is authorized to contact any claimants who submitted deficient Claim Forms to request that they cure any deficiency by the Claims Deadline.

### 10. Requests for Exclusion from Settlement

      10.1    <u>Exclusion Deadline</u>.  Class Members have the right to "opt-out" or exclude themselves from the Settlement by mailing an exclusion request ("Exclusion Request") to the Settlement Administrator.  The Exclusion Request must be received or postmarked on or before the Exclusion Deadline specified on the Notice Forms and Settlement Website, which is ninety-five (95) days following the entry of the Preliminary Approval Order.  The Settlement Administrator will provide copies of such Exclusion Requests to Class Counsel and counsel for IDS promptly upon receipt.

      10.2    <u>Exclusion Request</u>.  The Exclusion Request shall be in writing and include the name and number of this Action, the Class Member's name, address, telephone number, and fax number and must be signed by the Class Member.  An Exclusion Request that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice Forms, or that is not received or postmarked by the Exclusion Deadline shall be invalid and the Class Member shall be bound by the Settlement Agreement.

10.3     Any Class Member who submits a valid Exclusion Request shall not (a) be entitled to relief under this Settlement Agreement; (b) gain any rights by virtue of this Settlement Agreement; (c) be entitled to object to any aspect of this Settlement Agreement; or (d) be bound by the Settlement Agreement or the Final Judgment.

10.4     Except for those Class Members who have properly and timely mailed an Exclusion Request, all Class Members will be bound by this Settlement Agreement and the Final Judgment to be entered following the hearing for Final Approval of the Settlement Agreement.

10.5     So called "mass" or "class" opt-outs or exclusions shall not be allowed. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement.

10.6     Defendant, IDS reserves its right to terminate the Settlement Agreement, as contemplated by Section 16, should 5% or greater number of Class Members opt out of the Settlement.

**11. Objections to Settlement**

11.1     <u>Objection Deadline</u>.  Any Class Member who intends to object to this Settlement Agreement ("Objection") must (1) file his or her Objection with the Court or submit his or her Objection via mail to the Clerk of the Court and (2) mail a copy of the Objection to Class Counsel and IDS' counsel.  The Objection must be received on or before the Objection Deadline specified on the Notice Forms and Settlement Website, which is ninety-five (95) days following the entry of the Preliminary Approval Order.

11.2     Any Objection, which must be filed with the Court or sent via mail to the Clerk of the Court and submitted to Class Counsel and IDS' counsel, must set forth the name and case number of this Action, the Class Member's name, address, telephone number, facsimile

number and all arguments, citations and evidence supporting the Objection. Subject to court approval, objectors (if any) must appear at the hearing for final approval of the class action settlement, either individually or through counsel for their objections to be considered.  Any Objection must provide information sufficient to allow the Parties to confirm that the person submitting the Objection is a member of the Settlement Class.  The Settlement Administrator will provide to Class Counsel and IDS' Counsel all copies of any objections mailed to the Settlement Administrator.

11.3   Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed on the Notice Forms and Settlement Website shall have waived any right to object to the fairness, reasonableness, or adequacy of the proposed Settlement, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

11.4   A Class Member who requests to be excluded from the Settlement cannot also object to the Settlement Agreement.

## 12. Final Approval and Final Judgment

12.1   <u>Final Approval Hearing</u>.  The Final Approval Hearing is the hearing before the Court held on the date specified on the Notice Forms and Settlement Website during which the Parties will request that the Court grant final approval of the Settlement Agreement and enter Final Judgment in the Action. The Final Approval Hearing may be continued to a future date without further notice.

12.2   <u>Final Judgment</u>.  As used herein, "Final Judgment" shall mean after the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and after that judgment shall have become final either by expiration of time for appeal or if a Class Member objects to the settlement and files an appeal,

by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects.

        12.3    IDS shall not be obligated to pay any sum pursuant to this Settlement Agreement until after Final Judgment, except for advancing funds necessary to provide the Settlement Administrator amounts as contemplated by Section 7.2 above.  Any appeal regarding the attorney's fees or costs or incentive payment to Barr shall not affect other payments that are not the subject of such an appeal.

        12.4    By entering Final Judgment, the Court shall:

        12.4.1  Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Barr and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

        12.4.2  Certify the Class for settlement purposes only;

        12.4.3  Find that the Notice implemented pursuant to the Settlement Agreement (a) constitutes the best practicable notice as required under Rule 23, (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) constitutes reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

12.4.4 Find that Class Counsel and Plaintiff Barr adequately represented the Class for purposes of entering into and implementing the settlement;

12.4.5 Incorporate the Release set forth in Section 14 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

12.4.6 Bar and enjoin Plaintiff Barr and all Class Members who have not been excluded from the Class from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

### 13. Payments Upon Final Judgment

13.1    Class Counsel shall, within thirty (30) days of Final Judgment, be paid from the Settlement Fund the attorneys' fees and costs awarded by the Court via electronic transfer to an account designated by Class Counsel.

13.2    Within thirty (30) days after Final Judgment, any Incentive Award approved by the Court shall be paid to Plaintiff Barr from the Settlement Fund.

13.3    Within thirty (30) days after Final Judgment, the Settlement Administrator shall mail settlement checks to Class Members.  The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within ninety (90) days of the date of the check.

13.4    In addition to the Minimum Cash Benefit, any funds from uncashed settlement checks shall be delivered to any *cy pres* recipient(s) selected by the Parties and approved by the Court.

### 14. Release Upon Final Judgment

14.1    Plaintiff Barr, and each Class Member (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, employees, officers, representatives, administrators, servants, assigns, heirs, executors, trustees, joint venturers, parents, subsidiaries, affiliates, partners, successors, predecessors, insurers, reinsurers, and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge IDS and its past, present and future officers, directors, principals, shareholders, employees, servants, agents, representatives, parents, affiliates, subsidiaries, predecessors, successors, partners (including any entities that provided IDS with the facsimile numbers used to fax the Class Members), contractors, vendors, clients (including those on whose behalf IDS faxed the Class Members), insurers, reinsurers, accountants, and attorneys (collectively the "Released Parties") from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, arising out of or relating to IDS' alleged sending of facsimile advertisements during the relevant time period, any alleged violations of the TCPA or similar state laws or related

17

federal or state regulations which prohibit the transmission of facsimile advertisements without the prior express invitation or permission of the recipient, any alleged violations of the FCC regulations regarding sending fax advertisements, the Action, the Complaint, and/or the administration of this Settlement, through and including the date hereof (the "Released Claims").

  14.2 If any of the Parties should discover subsequent to Final Judgment that any fact relied upon by he/she/it in entering into this Settlement Agreement was untrue, or that any fact was concealed from he/she/it, or that his/her/its understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

  14.3 This Agreement is expressly contingent upon entry of a non-appealable order granting final approval to the terms of this Agreement and a final, non-appealable dismissal of the Action with prejudice. If the Court refuses to grant final approval of the terms of this Agreement as set forth herein, or if the Court's final approval order is reversed or substantially modified on appeal, or, for any reason, this Agreement does not become effective, IDS shall have no obligation to pay the Settlement Fund and this Agreement shall be null and void *ab initio* and no stipulation, representation or assertion of fact made in this Agreement may be used by anyone for any purpose whatsoever; and in that event, Plaintiff and Defendant shall have the same rights they had prior to entering into this Agreement, including the right to pursue all post-judgment motions and appellate review.

**15. Effect of Court's Denial of Preliminary or Final Approval of Settlement**

15.1     There is no settlement if the Court does not preliminarily approve the settlement or finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed or reversed in any respect, or if the judgment approving the settlement is appealed or reversed in any respect, or if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein.  In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, certifying the Class, approving the Notice Forms or Notice Program, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any of its provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

15.2     Solely for the purposes of settlement, providing Notice and implementing this Settlement Agreement, the Parties agree to conditional certification of the Settlement Class which shall be certified for settlement purposes only.  Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is IDS precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will

be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Action.  No agreements made by or entered into by IDS in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

### 16. Termination of Settlement Agreement

Plaintiff on behalf of the Settlement Class, or IDS, shall have the right to terminate this Settlement Agreement by providing written notice to the other within ten (10) days of any of the following events:  (a) the Court's refusal to grant Preliminary Approval of this Settlement Agreement; (b) the Court's material modification of the Settlement Agreement, the Mail Notice (attached as Exhibit A), Publication Notice (attached as Exhibit C), Website Notice or Claim Form (attached as Exhibit B); (c) the Court's refusal to grant Final Approval of this Settlement Agreement in any respect; (d) the Court's refusal to enter the Final Judgment in this Action in any respect; (e) the Final Judgment date is modified or reversed in any material respect by the Court of Appeals or the U.S. Supreme Court; or (f) a five percent or greater portion of the Settlement Class opting out of the settlement.

### 17. Further Cooperation.

The Parties acknowledge that it is their intent to consummate this Settlement Agreement and agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement and to obtain Final Approval of this Settlement and Final Judgment of this Action.

### 18. Non-Disparagement and No Publicity

The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by IDS in bad faith or without a reasonable basis. Neither Class Counsel nor Plaintiff will make a statement of any kind to any third party regarding the settlement prior to applying for preliminary approval, with the exception of communications with the Settlement Administrator. However, Class Counsel may post orders regarding the Action and brief summaries of those orders on their website without permission from IDS. In addition, Class Counsel and Plaintiff agree that prior to publishing any press release concerning the settlement, that they will provide a draft of the press release to IDS' counsel and that any press release will acknowledge that IDS denied liability and denied that it faxed any unsolicited advertisements that were the subject of the action. The Parties may also make public statements to the Court as necessary to obtain preliminary or final approval of the settlement. This provision shall not prohibit Class Counsel from communicating with any Class Member regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action, including the Agreed Confidentiality Order (Doc. 54) entered in this Action, in communicating with Class Members and will not disclose information that is not a part of the public record.

### 19. Advice of Counsel

The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to

the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.  Neither IDS, nor IDS' counsel, nor any agent of IDS has provided any tax advice of any kind with respect to the effects of this Settlement Agreement, the Release, the delivery or payment of any consideration identified herein, or the filing of any 1099 or other information reports with the United States Internal Revenue Service regarding payment of money pursuant to this Settlement Agreement.

### 20. No Admission of Liability

Whether or not the Settlement Agreement occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the terms contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: is or may be deemed a waiver of IDS' right to challenge class certification if this Settlement for any reason does not become Final; or is or may be deemed to be a waiver of IDS' right to seek to enforce any arbitration provision against Settlement Class Members who opt out of the Settlement.

### 21. Stay/Bar of Proceedings

All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the

terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Judgment.

### 22. Return of Confidential Documents

22.1    Within thirty (30) days after Final Judgment, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders in the Action shall be returned to the producing party or destroyed.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

22.2    Class Counsel and Defendant's Counsel each agree to keep all information about the settlement administration process—including, without limitation, all information received pursuant to Section 8.2.5 of this Agreement, such as claims reports, information concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement.  Notwithstanding the foregoing, as required by the Court or to effectuate the intent of this Agreement, the Parties may disclose:  Opt-outs, Objections, Claims and other documents needed to enforce the terms and conditions of this Agreement or inform the Court.

**23. Headings**

  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**24. Waiver**

  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**25. Exhibits.**

  All of the exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**26. Entire Agreement**

  This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement shall not be orally modified in any respect.

**27. Modification**

  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

### 28. No Assignment

Plaintiff represents and warrants that it has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

### 29. Execution in Counterparts

This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

### 30. Agreement Binding on Successors in Interest

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

### 31. Jurisdiction

Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Action and the Parties, including all members of the Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, the Final Approval Order and Judgment, and the distribution of settlement proceeds to the Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

### 32. Governing Law

This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

### 33. Arms-Length Negotiations

This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

### 34. Notices to Counsel

All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

Counsel for Plaintiff and the Settlement Class (Class Counsel)

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
Seth Lehrman
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, Florida 33301

SCOTT D. OWENS, P.A.
Scott D. Owens
3800 S. Ocean Dr., Suite 235
Hollywood Florida 33019

Counsel for Defendant

SMITHAMUNDSEN LLC
Molly Arranz
Eric Samore
Warren Wilkosz
150 N. Michigan Ave., Suite 3300
Chicago, Illinois 60601

HARTLEY LAW OFFICES PLC
Timothy Hartley
12 SE 7th St., Suite 606
Ft. Lauderdale, Florida 33301

**35. Full Authority**

Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

//

Intentionally left blank

//

27

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed

as of ___25___, 2016:

PLAINTIFF:

_____
Scott Barr, DDS

DEFENDANT INTERNATIONAL DENTAL SUPPLY CO.

By:_____
Name:_____
Title:_____

Approved as to Form and Content:
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.

By:_____
            Seth Lehrman
Attorneys for Plaintiff and the Class

SCOTT D. OWENS, P.A.

By:_____
            Scott D. Owens
Attorneys for Plaintiff and the Class

SMITHAMUNDSEN LLC

By:_____
            Molly A. Arranz

HARTLEY LAW OFFICES, PLC

By:_____
Timothy M. Hartley

Attorneys for Defendant International Dental Supply Co.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2016:

PLAINTIFF:

_____
Scott Barr, DDS

DEFENDANT INTERNATIONAL DENTAL SUPPLY CO.
By:_____
Name:_____
Title:_____

Approved as to Form and Content:
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.


By:_____
        Seth Lehrman
Attorneys for Plaintiff and the Class


SCOTT D. OWENS, P.A.


By:_____
        Scott D. Owens
Attorneys for Plaintiff and the Class


SMITHAMUNDSEN LLC


By:_____
        Molly A. Arranz


HARTLEY LAW OFFICES, PLC


By:_____
Timothy M. Hartley


Attorneys for Defendant International Dental Supply Co.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of **Jan. 25**, 2016:

**PLAINTIFF:**

_____

**Scott Barr, DDS**

**DEFENDANT INTERNATIONAL DENTAL SUPPLY CO.**
**By:**_____
**Name:**_____
**Title:**_____

**Approved as to Form and Content:**
**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS, & LEHRMAN, P.L.**

**By:**_____
        Seth Lehrman
**Attorneys for Plaintiff and the Class**

**SCOTT D. OWENS, P.A.**

**By:**_____
        Scott D. Owens
**Attorneys for Plaintiff and the Class**

**SMITHAMUNDSEN LLC**

**By:** _____
        Molly A. Arranz

**HARTLEY LAW OFFICES, PLC**

**By:**_____
**Timothy M. Hartley**

**Attorneys for Defendant International Dental Supply Co.**

28

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2016:

**PLAINTIFF:**

_____

**Scott Barr, DDS**

**DEFENDANT INTERNATIONAL DENTAL SUPPLY CO.**
**By:**_____
**Name:**_____
**Title:**_____

**Approved as to Form and Content:**
**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS, & LEHRMAN, P.L.**

**By:**_____
    **Seth Lehrman**
**Attorneys for Plaintiff and the Class**

**SCOTT D. OWENS, P.A.**

**By:**_____
    **Scott D. Owens**
**Attorneys for Plaintiff and the Class**

**SMITHAMUNDSEN LLC**

**By:**_____
    **Molly A. Arranz**

**HARTLEY LAW OFFICES, PLC**

**By:**_____
**Timothy M. Hartley**

**Attorneys for Defendant International Dental Supply Co.**

EXHIBIT "A"

LEGAL NOTICE

## If you received an advertisement by facsimile from International Dental Supply Co. from September 11, 2009 to September 11, 2013, you may be eligible to receive a class action settlement.

A Settlement has been reached in a class action lawsuit claiming that improper facsimiles were sent by or on behalf of International Dental Supply Co. ("IDS") including, for example, faxes to fax machines and/or computers, marketing products or services without including a compliant opt-out notice.  IDS denies that it did anything wrong, and the Court has not decided who is right.

### Who is included?

The Court has decided that the Settlement Class includes all persons in the United States from September 11, 2009 to September 11, 2013 to whom Defendant sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services like the document attached as Exhibit A to the complaint. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

### What are the Settlement Terms?

A Settlement Fund of $450,000 has been established to pay valid claims, notice and claims administration, attorneys' fees, costs, potential *cy pres* award and incentive award.

### How can you get a payment?

To be eligible to get a payment, you must sign and return a Claim Form on or before **[DATE]**. A Claim Form is attached to this Notice. You can also find a Claim Form at website www.IDSTCPASettlement.com. Subject to the terms of the Settlement Agreement, those who submit a Valid Claim Form may be entitled to no more than $500.00. You must fully complete and timely submit a claim to receive money from this settlement. Only one claim is allowed per facsimile number.

### Your other options.

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself, you will release any claims against IDS and will not be able to sue IDS for these types of claims. You may object to any aspect of the Settlement, but must do so by **[DATE]**. Additional Notice available on the website explains how to exclude yourself or object. The Court will hold a Hearing on **[DATE]** to consider whether to approve the Settlement and a request for attorneys' fees of up to $112,500 and an incentive payment of $2,000 to the Class Representative. If you file an objection and wish it to be considered, you or your attorney must appear at this hearing. For more information, call the Settlement Administrator at **[TFN]** or visit website **www.IDSTCPASettlement.com**.

**1-800-###-####          www.IDSTCPASettlement.com**

# EXHIBIT "B"

## PROOF OF CLAIM
### Scott Barr v. International Dental Supply Co., Case No. 0:13-cv-61981-RNS

Fax Number:   <inserted by administrator>

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund (although completion of these steps is no guarantee of payment):*

**1.**   **You Must Provide Your Contact Information**

Name: _____

Legal Name of Company: _____

If Your Company Has a Tax ID Number, Write It Here: _____

Address: _____

City/State/Zip Code: _____

E-mail Address: _____

Phone Number: _____

Fax Number(s) that were yours or your company's from September 11, 2009 to

September 11, 2013: _____

**2.**   **You Must Verify Ownership of the Fax Number(s) Listed in #1 Above:**

By submitting this claim form, I certify that the foregoing information supplied by the undersigned is true and correct.

_____
[Sign your name here]

**3.**   **You Must Return this Claim Form by [DATE]:**

Mail this Claim Form to: [Settlement Administrator Address and TFN]

EXHIBIT "C"

In the United States District Court for the Southern District of Florida
*Barr, Scott v. International Dental Supply Co.,* 0:13-cv-61981-RNS

LEGAL NOTICE

<u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>.

If you received an advertisement via facsimile from International Dental Supply Co. ("IDS") you may be eligible to receive a payment from a class action settlement.

A Settlement has been reached in a class action lawsuit claiming that improper facsimiles were sent by or on behalf of IDS including, for example, faxes to fax machines and/or computer, marketing products or services without including a compliant opt-out notice.  IDS denies that it did anything wrong, and the Court has not decided who is right.

**Who is included?** The Court has decided that the Settlement Class includes:

All persons in the United States from September 11, 2009 to September 11, 2013 to whom Defendant sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services like the document attach as Exhibit A to the complaint. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

**What are the Settlement Terms?**  A Settlement Fund of $450,000 has been established to pay valid claims, notice and claims administration, attorneys' fees, costs, potential *cy pres* award and incentive award.

**How can you get a payment?** To be eligible for a payment, you must sign and return a Claim Form on or before **[DATE]**. You can find a Claim Form at website www.IDSTCPASettlement.com. Subject to the terms of the Settlement Agreement, those who submit a Valid Claim Form may be entitled to no more than $500.00. You must fully complete and timely submit a claim to receive money from this settlement. Only one claim is allowed per facsimile number.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you do not exclude yourself, you will release any claims against IDS and will not be able to sue IDS for these types of claims. You may object to any aspect of the Settlement, but must do so by **[DATE]**. Additional Notice available on the website explains how to exclude yourself or object. The Court will hold a Hearing on **[DATE]** to consider whether to approve the Settlement and a request for attorneys' fees of up to $112,500 and an incentive payment of $2,000 to the Class Representative. If you file an objection and wish it to be considered, you or your attorney must appear at this hearing. For more information, call the Settlement Administrator at **[TFN]** or visit website <u>www.IDSTCPASettlement.com</u>.