UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| SCOTT BARR, DDS, on behalf of itself and others similarly situated, </br></br>    Plaintiff,</br></br>v.</br></br>INTERNATIONAL DENTAL SUPPLY CO., a Florida corporation,</br></br>    Defendant. | Case No. 0:13-cv-61981-RNS |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND DISMISSAL WITH PREJUDICE**

This matter comes before the Court on the Plaintiff Scott Barr, DDS's ("Plaintiff's) Memorandum in Support of Final Approval of Class Settlement. Based upon Plaintiff's counsel's certification in support of final approval and in support of their application for fees, the Court being fully advised in the premises of the proposed Class Settlement, HEREBY FINDS:

    A.    The Plaintiff and Defendant, International Dental Supply Co. ("Defendant" or "IDS") have entered into a Settlement Agreement in this matter, which arose from allegations that the Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). In its Complaint, Plaintiff alleged that Defendant, International Dental Supply Co. ("Defendant") transmitted advertisements by facsimile to Plaintiff and other similarly situated persons to promote Defendant's sale of property, goods or services. Plaintiff further alleged that Defendant did not obtain Plaintiff's prior express invitation or permission to send this fax advertisement and that the subject fax did not contain certain disclosures that are required by the

federal regulations that implement the TCPA. Defendant denied and continues to deny these allegations.

  B. A Settlement Agreement has been submitted to the Court for final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

  C. Pursuant to Rule 23(b)(3) and the Settlement Agreement, the following class is hereby certified for settlement purposes ("Class Members"): All persons in the United States from September 11, 2009 to September 11, 2013 to whom Defendant sent or caused to be sent a facsimile advertisement that promoted the commercial availability or quality of any property, goods, or services like the document attached as Exhibit A to the complaint. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

  D. The total number of Class Members was originally estimated at 881.

  E. In accordance with the Court's Order granting preliminary approval of the Settlement (ECF No. 75), the Settlement Administrator was provided a data file containing 854 facsimile telephone numbers and conducted a "reverse look-up" to identify the names and addresses of potential Class Members. Utilizing multiple sources for "reverse look-ups", the Settlement Administrator was able to obtain a name and address for 570 of the facsimile telephone numbers provided. Additionally, the Settlement Administrator was provided a data file containing 13,303 total records of information for Florida Dentists. The Settlement Administrator performed a standard analysis of the data and identified 1,713 records without having an e-mail address and 193 exact duplicate records. These records were removed, resulting in a total of 11,397 unique records set to receive an E-mail Notice.

F. On March 9, 2016, in compliance with the Court's Order and Section 8.2.2 of the Settlement Agreement, the Settlement Administrator caused the sending of Class Notices via first class U.S. Mail to the 570 putative Class Members that were identified as having a valid mailing address. There were 63 Notices returned by USPS as undeliverable without a forwarding address. In addition, the Settlement Administrator caused the sending of Class Notices via email to the 11,397 Florida Dentists identified as having an email address. Of the 11,397 Florida Dentists with email addresses, a total of 11,258 were successfully delivered and a total of 139 bounced, had a bad or malformed email addresses, or were otherwise undeliverable. As of May 27, 2016, 199 Class Members have filed a Claim Form.

G. No Class Members objected to the Settlement.

H. No Class Members have chosen to opt-out of the Settlement.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Settlement Agreement dated as of January 25, 2016 [ECF No. 74-1].

2. <u>Notice</u>. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A. The Parties are directed to implement the settlement in accordance with its terms. Payment of $2,000 shall be made to Plaintiff Scott Barr, DDS, as Class Representative. Pursuant to the terms of the Settlement Agreement, payment of the Settlement Fund to Class Members who have submitted a valid and approved claim and have not opted out is to be made on a *pro rata* basis, not to exceed $500.00 to any individual Class Member. As to any class member who submitted a claim form, but does not cash the $500 check within ninety (90) days, the Settlement Administrator is hereby authorized to pay those funds to the designated *cy pres* recipients.

B. Except as to any individual claim of those persons who have timely and effectively requested exclusion from the Settlement Class under the Settlement Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties as provided in the Settlement Agreement.

C. The parties are to bear their own costs and fees, except as otherwise provided in the Settlement Agreement.

D. Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged all Released Claims, as defined in Paragraph 14 of the Settlement Agreement.

Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against Defendant,

Defendant's related parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to Defendant's use of a facsimile advertisement sent during the Class Period.

    4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability in any way related to, arising out of, or based upon the Released Claims.

    5. <u>Defendant's Denial of Liability</u>. The Court notes that the Defendant does not admit or concede (but, to the contrary, expressly denies) any wrongdoing, liability or improper conduct of any nature in connection with any facts or claims that have been, or could have been raised against it by the Class Representative or the Class Members for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

    6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorney's Fees</u>. After reviewing Class Counsel's motion for attorney's fees in support of final approval, the Court awards to Class Counsel reasonable Attorney's Fees and costs in the total amount of $112,500. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and zero (0) Settlement Class Member objected.

8. <u>Timing of Payments or Consideration</u>. No later than thirty (30) days after the Entry of Judgment becomes final as defined by paragraph 12.2 of the Settlement Agreement, settlement checks shall be distributed to all Class Members who have submitted a valid and approved claim and have not opted out, and Defendant shall pay $2,000 to Scott Barr, DDS and $112,500 to Class Counsel for Costs and Attorney's Fees.

9. <u>Cy pres</u>. If the total payments to Class Members who submit a Valid Claim Form totals less than $135,000, then the difference between $135,000 and such payments ("Minimum Cash Recovery") will be paid to cy pres designees as follows: NOVA Southeastern University Dental School (50%), Legal Aid Service of Broward County, Inc. (25%) and Coast to Coast Legal Aid of South Florida, Inc. (25%). The Court finds that Class Counsels' service as volunteer Board Members of Legal Aid Service of Broward County, Inc. and Coast to Coast Legal Aid of South Florida, Inc. reflects counsels' commitment to the provision of legal representation of indigent residents of South Florida and does not present a conflict.

10. <u>Release</u>.  Plaintiff Barr, and each Class Member (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, employees, officers, representatives, administrators, servants, assigns, heirs, executors, trustees, joint venturers, parents, subsidiaries, affiliates, partners, successors, predecessors, insurers, reinsurers, and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge IDS and its past, present and future officers, directors, principals, shareholders, employees, servants, agents, representatives, parents, affiliates, subsidiaries, predecessors, successors, partners (including any entities that provided IDS with the facsimile numbers used to fax the Class Members), contractors, vendors, clients (including those on whose behalf IDS faxed the Class Members), insurers, reinsurers, accountants, and attorneys (collectively the "Released Parties") from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, arising out of or relating to IDS' alleged sending of facsimile advertisements during the relevant time period, any alleged violations of the TCPA or similar state laws or related

federal or state regulations which prohibit the transmission of facsimile advertisements without the prior express invitation or permission of the recipient, any alleged violations of the FCC regulations regarding sending fax advertisements, the Action, the Complaint, and/or the administration of this Settlement, through and including the date hereof (the "Released Claims").

11. <u>Entry of Judgment</u>. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith. This Action is hereby dismissed with prejudice with each party to bear their own costs and fees except as otherwise ordered by the Court. ORDERED this 15th day of June, 2016.

*[signature]*

ROBERT N. SCOLA, JR
UNITED STATES DISTRICT JUDGE

Copies: Furnished to All Counsel of Record.